RECEIVED
IN ALEXANDRIA, LA
JUL - 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JERRY DALLAS | CIVIL ACTION NO. 05-0673-M |
| VS. | SECTION P |
| WARDEN TIM WILKINSON | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Jerry Dallas's pro se application for writ of habeas corpus[1] (28 U.S.C. §§ 2241 and 2254) filed on April 14, 2005. At the time he filed his petition, Dallas was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He was

---

[1] As is shown hereafter, the petitioner does not challenge his conviction; instead, he challenges the computation of his sentence. The jurisprudence gives no clear guidance concerning which statute to apply in such cases:

"An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (en banc)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v. Andrews*, 357 F.3d 535 (5th Circuit 2004).

But see *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.)

Here, petitioner does not seek to undo his conviction, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the Department of Corrections that have resulted in his continued incarceration beyond the date upon which he contends he should have been released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed).

In any event, the resolution of this matter (as is shown hereinafter) does not turn on whether the claim has been filed (or analyzed) under § 2241 or § 2254.

incarcerated at the Winn Correctional Center, Winnfield, Louisiana. He was apparently released from LDOC custody on June 17, 2005 and he now resides in Monroe, Louisiana.[2]

Petitioner apparently contests the LDOC's computation of various hard labor sentences he was required to serve.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner's claims are difficult to decipher. Apparently he was convicted of multiple felonies and sentenced to serve hard labor sentences in the custody of the LDOC. He contends that LDOC records analysts erred in the computation of his sentences and he seeks recognition of this fact and his immediate release from LDOC custody.

Petitioner apparently has an identical action pending in Louisiana's Nineteenth Judicial District Court. [Doc. 1, paragraph 10] The presumptively reliable published jurisprudence of the State of Louisiana indicates that he has never sought review in Louisiana's Supreme Court.

## LAW AND ANALYSIS

Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is

---

[2] According to the documents submitted by petitioner, his full term release date (FTD) is January 20, 2007. [See Doc. 1, Exhibits, DPS&C Corrections Services Master Record, 8/24/04] His present release is apparently due to diminution of sentence under Louisiana's "good time" law which allows for the early release of some prisoners and supervision of those prisoners in the same manner as those released on parole. See La. R.S.15:571.5. Petitioner is therefore "in custody" for *habeas corpus* purposes. See *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner's pleadings and exhibits suggest that he did not fully exhaust his state court

remedies prior to the filing of suit. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner.

It is therefore clear that the present *habeas* claims have not been fully and fairly presented to the Louisiana courts, and especially the Louisiana Supreme Court, and the claims therefore remain unexhausted.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

5

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _July_, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE